# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NALCO COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| AP TECH GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nalco Company ("Nalco") alleges as follows:

## PARTIES

1. Nalco Company is a corporation incorporated under the laws of the state of Illinois, with its principal place of business at 1601 West Diehl Road, Naperville, IL 60563-1198.

2. On information and belief, Defendant AP Tech Group, Inc. ("AP Tech") is a corporation incorporated under the laws of the state of Delaware, with its principal place of business at 11411 Williamson Road, OH 45201.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, under Title 35 of the United States Code. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents), 28 U.S.C. § 1331 (federal question), and 35 U.S.C. § 281.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b). On information and belief, Defendant AP Tech is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## BACKGROUND

5. Nalco is a Naperville, Illinois-based supplier of water, energy, and air improvement solutions and services for industrial and institutional markets. Nalco sells various products and services designed to reduce energy, water, and other natural resource consumption, enhance air quality, minimize environmental releases, and improve productivity and end products.

6. On February 3, 2004, United States Patent No. 6,685,840 ("the '840 patent") entitled "Method for Determining the Dissolution Rate of a Solid Water Treatment Product" was duly and legally issued to Steven R. Hatch. Nalco is the current assignee and assignee during the relevant period of the entire right, title, and interest in and to the '840 patent.

7. This is a patent infringement action regarding Defendant AP Tech's infringement of the '840 patent, a true and correct copy of which is attached as Exhibit A.

8. Claim 1 of the '840 patent, for example, recites a method of making a solid water treatment product, wherein said water treatment product has an optimal rate of dissolution.

9. Claim 4 of the '840 patent, for example, recites a method of treating the water in an industrial water system with a solid water treatment product, wherein said solid water treatment product has an optimal rate of dissolution.

10. Claim 7 of the '840 patent, for example, recites a method of controlling the amount of solid water treatment product present in an industrial system, wherein the solid water treatment product has an optimal rate of dissolution.

11. AP Tech manufactures and sells solid water treatment products, including but not limited to EnduroSolv® with duroTrace™, which contains fluorescent tracers such as p-Toluenesulfonic acid (PTSA).

12. AP Tech directs users to use its solid water treatment products to treat water systems in industrial boilers and coolers. For example, AP Tech's public website markets EnduroSolv® with duroTrace™ to treat and monitor industrial system water with solid water treatment product in cooling water towers and boilers.

13. AP Tech also directs users to use EnduroSolv® with duroTrace™ together with the Little Dipper™ Inline Fluorometer to monitor and control the amount of solid water treatment product in the industrial water system.

## NALCO'S INFRINGEMENT CLAIMS

### DIRECT, INDUCED, AND CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6,685,840

14. On information and belief, AP Tech has infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '840 patent. AP Tech's infringing activities in the United States and in this District include the development, manufacture, use, importation, sale, and/or offer for sale of products which infringe the '840 patent, including, but not limited to EnduroSolv® with duroTrace™.

15. On information and belief, AP Tech has induced and continues to induce others to infringe one or more claims of the '840 patent. AP Tech has been aware of the '840 patent since at least June 12, 2013. Despite such knowledge, AP Tech actively provided, and continues to provide directions, information, and/or other materials encouraging its customers to use infringing products in a manner that infringes the '840 patent, including but not limited to EnduroSolv® with duroTrace™.

16. For example, AP Tech's public website (http://www.endurosolv.com/durotrace) claims that the EnduroSolv® with duroTrace™ product "revolutionizes dosing and monitoring" and provides a "cooling tower water system that is both solid and traceable". More

specifically,"[a] detectable UV dye is blended into the EnduroSolv® product slurry during production, and allowed to cure into a Solid State form.  The EnduroSolv® product with duroTrace$^{TM}$ is dissolved at the point of use, through an automatic, patented, dissolution system, and introduced into the cooling tower water.  The system water can then be continuously and remotely monitored for accurate, consistent dosing of the product."

17.     As another example, AP Tech's duroTrace ES 3300-T data sheet (publicly available at aptechgroup.com/2005/bulletins/durotrace/ES3300-T_PB.doc) claims that the "duroTrace$^{TM}$ ES3300-T also contains PTSA, a phosphorescent dye, blended into the product. This will allow tracking and monitoring online using system probes and controllers."

18.     AP Tech knew or should have known that encouraging and assisting customers in the use of its accused products would induce its customers to directly infringe the '840 patent. By providing specific descriptions, directions, and/or other materials describing the infringing use, AP Tech specifically intended to induce its customers to directly infringe the '840 patent.

19.     On information and belief, AP Tech has committed and continues to commit acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '840 patent.  AP Tech has been aware since at least June 12, 2013 that its products including, but not limited to EnduroSolv® with duroTrace$^{TM}$, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and are especially made and/or adapted for use in infringing the '840 patent.  For example, the EnduroSolv® with duroTrace$^{TM}$  is especially designed for infringing use because it is a solid water treatment product with a traceable dye used for treating water in an industrial water system.  Despite such knowledge, Turner committed infringing activities, including the development, manufacture, use, importation, sale, and/or offer

to sell a material component of the infringing method, including, but not limited to EnduroSolv® with duroTrace$^{TM}$, to customers in the United States and in this District.

20. AP Tech continues to willfully, wantonly, and deliberately infringe the '840 patent in disregard of Nalco's rights.

21. Nalco has been damaged and irreparably injured by AP Tech's infringing activities and will continue to be so damaged and irreparably injured unless AP Tech's infringing activities are enjoined by this Court. As a result, pursuant to 35 U.S.C. § 285, Nalco is entitled to an injunction against further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nalco accordingly requests that the Court:

A. Enter judgment that AP Tech has infringed the '840 patent;

B. Award Nalco damages as compensation for AP Tech's infringement of the '840 patent, including prejudgment interest, pursuant to 35 U.S.C. § 284;

C. Treble such award of damages due to the willful nature of AP Tech's infringement of the '840 patent, pursuant to 35 U.S.C. § 284;

D. Permanently enjoin AP Tech, its officers, agents, servants, employees, attorneys and affiliated companies, assigns and successors in interest, and those persons in active concert or participation with them, from infringing the '840 patent;

E. Declare this case exceptional pursuant to 35 U.S.C. § 285 and award Nalco its attorney fees, costs and expenses; and

F. Order any and all other legal and equitable relief as the Court may deem proper and just.

- 6 -

## DEMAND FOR JURY TRIAL

Plaintiff Nalco Company hereby demands trial by jury of all claims and counterclaims in the above-captioned action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Bryan Wilson
Dan Wan
Alessa Yin-Chen Phang
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
Tel:  (650) 813-5600
BWilson@mofo.com
DWan@mofo.com
APhang@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
5200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
Tel: (303) 592-1500
SLlewellyn@mofo.com

Dated:  June 13, 2013
1110417/40282

By:  /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Plaintiff Nalco Company*